IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL WAYNE JIMENEZ, (TDCJ-CID #00873142) Petitioner, VS. LORIE DAVIS, Respondent. | CIVIL ACTION NO. H-17-1874 |

**MEMORANDUM ON DISMISSAL**

The petitioner, Michael Wayne Jimenez, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state-court conviction for capital murder. The respondent filed a motion for summary judgment on the ground that the petition for writ of habeas corpus is time-barred. (Docket Entry No. 11). The respondent also filed copies of the state court record. Jimenez has filed his response. (Docket Entry No. 14).

**I.  Background**

A jury found Jimenez guilty of capital murder, and on November 19, 1999, imposed a life sentence. (Cause Number 98-J-249). The Thirteenth Court of Appeals of Texas affirmed Jimenez's conviction and sentence on February 14, 2002. The Texas Court of Criminal Appeals refused Jimenez's petition for discretionary review on June 26, 2002. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/. Jimenez filed an application for state habeas corpus relief on

February 2, 2016, which the Texas Court of Criminal Appeals denied without written order on August 17, 2016.

On June 19, 2017, the Court received Jimenez's federal petition. The petition was filed when Jimenez tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). The Court will presume that Jimenez deposited his federal petition in the prison mail on the date he signed it, which is June 1, 2017. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).

Jimenez contends that his conviction is void because of ineffective assistance of counsel, prosecutorial misconduct, and insufficient evidence. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-8).

## II. The Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Jimenez's state-court conviction became final when the time for filing a petition for a writ of certiorari expired, 90 days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Jimenez's petition for discretionary review on June 26, 2002. Jimenez's deadline for filing a petition for a writ of certiorari was September 24, 2002. The limitations period ended one year later, on September 24, 2003. Jimenez did not file this federal petition until June 1, 2017.

A properly filed application for state postconviction relief may extend the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Jimenez's state habeas application did not extend the September 24, 2003 deadline. Jimenez's federal § 2254 claims are time-barred unless he can show that a statutory or equitable exception applies.

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,* at 715 n.14.

Jimenez states that for several years he has suffered from mental illness. He has been evaluated and treated for self-mutilation; suicidal depression; severe anxiety; acute psychiatric distress; schizophrenia form disorder; antisocial personality disorder; and impulse control disorder. Jimenez states that he has been receiving psychiatric care for the past nineteen years that he has been in TDCJ-CID. He asserts that his mental illness prevented him from filing his state and federal petitions for a writ of habeas corpus in a timely manner. (Docket Entry No. 7, pp. 1-2).

Jimenez explains that he spent nine months to prepare his federal petition. He states that he was diligent in supporting his grounds with references to the record, rather than presenting conclusory allegations. (Docket Entry No. 14, p. 4).

In *Hood v. Sears Roebuck and Co.,* 168 F.3d 231 (5th Cir. 1999), Hood argued in favor of "the traditional rule that mental illness tolls a statute of limitations . . . if the illness . . . prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon

them." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996). In rejecting Hood's entitlement to equitable tolling, the Fifth Circuit stated:

> We hold that, assuming the correctness of the approach Hood advocates, equitable tolling is inapplicable in this case. *See Kerver v. Exxon Prod. Research Co.,* 1986 WL 8872, at *2-3 (S.D. Tex. 1986) (finding claim for equitable tolling unavailing even under a rule allowing for equitable tolling based on mental incapacity), *aff'd,* 810 F.2d 196 (5th Cir. 1987). The summary judgment evidence, viewed in the light most favorable to Hood, discloses that the event triggering the period for filing an EEOC charge occurred no later than May 11, 1996. Hood retained counsel before the following 180 days passed. This fact indicates that her mental state did not prevent her from pursuing her legal rights under Title VII during the filing period. Hood offers no reason for arriving at a contrary conclusion. She, therefore, cannot justify equitable tolling and her Title VII claim must be dismissed for failure to file a timely EEOC charge.

*Hood,* 168 F.3d at 233.

The Fifth Circuit has recognized the possibility that mental incompetence might support tolling of the AEDPA's one-year statute of limitations. *Fisher,* 174 F.3d at 715 (citing *Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232-33 (5th Cir. 1999)(assuming that mental illness would support equitable tolling "if the illness . . . prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them")). For tolling to apply, a petitioner must show that the mental illness actually rendered him unable to pursue his legal rights during the relevant time period. *Fisher,* 174 F.3d at 715-16. To satisfy his evidentiary burden, the petitioner must provide necessary details showing that his mental impairment prevented him from managing his legal affairs or understanding his legal rights. *Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232-33 (5th Cir. 1999).

> The Fifth Circuit stated:
>
> In the alternative, Fisher asks us to toll the limitation period for the seventeen days he spent in a psychiatric ward. On September 6, 1996, he was transferred for

> evaluation and care after turning violent as a result of a post-traumatic stress syndrome attack. He was confined, medicated, separated from his glasses and hence rendered legally blind, and denied meaningful access to the courts. He was returned to his regular facility on September 23, 1996. Again, although equity sometimes might favor tolling in similar circumstances, it does not here.
>
> We have recognized the possibility that mental incompetency might support equitable tolling of a limitation period. *See Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232-33 (5th Cir. 1999) (and cases cited therein). Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a *pro se* petitioner such as Fisher simply cannot pursue his legal rights during such a period. But a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling.
>
> The period during which Fisher could not work on his federal habeas petition, although outcome determinative here, is not a significant length of time. More importantly, he still had over six months to complete his federal habeas petition after his return to his usual quarters. If this event had occurred shortly before the required filing, Fisher would have a stronger case. But considering it occurred at a time so remote to his deadline, and absent a showing that he diligently pursued his application the remainder of the time and still could not complete it on time, equity does not require tolling.

*Fisher,* 174 F.3d at 715. *See also Boothe v. Quarterman,* 326 F. App'x 257, 2009 WL 1011191 (5th Cir. April 15, 2009) (holding that the district court did not abuse its discretion by refusing to invoke equitable tolling where petitioner failed to meet his burden of showing his mental condition prevented him from pursuing his legal rights during 2003); *Pena v. Johnson,* 37 F. App'x 91, No. 00-41158, 2002 WL 1022044, at *1 (5th Cir. May 14, 2002) (affirming district court's denial of habeas petition as time-barred, holding that the equitable tolling doctrine did not apply based on petitioner's alleged incompetence, where there was evidence that his "condition did not prevent him from pursuing his habeas rights during the relevant time period"); *Smith v. Johnson,* 247 F.3d 240, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (stating that "a claim of incompetence does not automatically entitle a prisoner to equitable tolling [,]" and holding that petitioner failed to

allege sufficient facts to support his claim that his mental incompetence "impeded him from asserting his legal rights"); *Robinson v. Johnson,* 218 F.3d 744, No. 99-40291, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) (affirming district court's dismissal of section 2254 petition, holding that the equitable tolling doctrine did not apply based on petitioner's alleged mental incapacity, where he failed to submit any evidence "supporting his contention that his mental condition or medication impaired his ability to [timely] file his federal habeas petition").

Jimenez has failed to allege with the required specificity that his mental health problems actually prevented him from filing his federal petition within the relevant limitations period. Jimenez states that at the time the Texas Court of Criminal Appeals denied his petition for discretionary review in June 2002, he was heavily medicated due to his mental illness. He further states that in June 2002, he was on a federal bench warrant and treated in the Springfield Psychiatric Hospital in Springfield, Missouri. Jimenez states that in September 2003, he was mentally incapacitated and received treatment at the psychiatric hospital on the Montford Unit. Jimenez reports that within the past twenty-four months, he has begun functioning as a normal individual, though he continues to receive out-patient psychiatric treatment.

Jimenez submits a list of medications dated July 31, 2017. (Docket Entry No. 7, pp. 5-6). Jimenez explains that three of the ten listed medications were psychotropic medications.

While Jimenez may, in fact, have suffered from mental illness, he has failed to put forth sufficient evidence as to how his alleged mental illness prevented him from timely filing his federal habeas petition. Jimenez indicates that he was hospitalized in 2002 and 2003. He does not offer summary judgment evidence showing that his mental illness prevented him from filing his federal petition at any time during the limitations period. The equitable tolling doctrine does not apply

based on Jimenez's alleged mental incapacity, where he failed to submit any evidence supporting his contention that his mental condition or medication impaired his ability to timely file his federal habeas petition.

Like the petitioner in *Fisher,* who claimed incompetence during the limitations period, Jimenez claims that he was mentally incompetent during the limitations period. The one-year limitations period ended on September 24, 2003. He states that he has suffered from mental illness for the past nineteen years. He fails to explain why he was unable to file his petition before the expiration of the one-year limitations period. Unlike the petitioner in *Fisher,* Jimenez does not allege he was forcibly confined or medicated, or deprived of access to legal materials, such that he "simply [could not] pursue his legal rights during such a period". 174 F.3d at 715. He merely asserts, without specifics: because of alleged mental illness, he could not pursue federal habeas relief within AEDPA's limitations period. Accordingly, Jimenez's mental health issues do not warrant equitable tolling.

Jimenez may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see*

*also Worthen v. Kaiser*, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Jimenez's pro se status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Jimenez does not state any grounds for equitable tolling, and there is nothing in the record to indicate he is entitled to it. *E.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Jimenez's delays in filing his state habeas applications mitigate against the application of the tolling doctrine. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000). Thus, Jimenez's petition for writ of habeas corpus is untimely.

Furthermore, Jimenez bears the burden of proving "rare and exceptional circumstances" justifying such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (internal quotation marks omitted). Even then, equitable tolling "will not be applied where the applicant failed to diligently pursue" relief. *Id.*; *accord Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). This

Court is of the opinion that Jimenez has failed to show that he diligently pursued collateral challenges to his conviction to actually warrant the benefit of tolling. Jimenez filed an application for post-conviction relief in state court, and on August 17, 2016, the Texas Court of Criminal Appeals denied relief. Jimenez did not file his federal habeas petition in this Court until June 1, 2017, ten months after the Texas Court of Criminal Appeals denied relief.

Jimenez does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Jimenez from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Additionally, Jimenez's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Jimenez has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his trial that took place in 1999, and he reasonably should have been aware of them at that time.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Jimenez's federal petition is untimely. The respondent is entitled to judgment as a matter of law.

## III. Conclusion

The respondent's Motion for Summary Judgment, (Docket Entry No. 11), is GRANTED. Jimenez's petition for a writ of habeas corpus is DENIED. This case is DISMISSED with prejudice. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Jimenez has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on April 27, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE